## SHEW *v.* WOODY.

[No. 11,854. Filed April 23, 1924. Rehearing denied June 11, 1924. Transfer denied January, 13, 1925.]

APPEAL.—*Transcript must be filed within 180 days from final judgment.*—Under the express provision of the statute, an appeal must be taken within 180 days from the final judgment in the cause, which means when the motion for a new trial is overruled, and a transcript that was filed on October 22, was not in time where the motion for a new trial was overruled April 11, notwithstanding a later judgment was rendered for the costs subsequent to the first judgment.

From Vigo Superior Court; *William T. Gleason,* Judge.

Action by Arthur C. Shew against Lura B. Woody. From a judgment for defendant, the plaintiff appeals. *Appeal dismissed.*

*Joseph W. Amis, Edbert P. Zell* and *Herman F. Amis,* for appellant.

*Homer B. Aikman* and *Adamson & Gallagher,* for appellee.

PER CURIAM.—The appellee has raised the point that the transcript of the record in this case was not filed within the time allowed by statute for perfecting appeals to this court, and that, therefore, this appeal must be dismissed

The record in this case discloses the following facts, viz.:    This cause was submitted to a jury for trial, and a verdict rendered in favor of appellee (defendant) on January 16, 1923; on January 23, 1923, the court rendered its judgment on said verdict, that the plaintiff take nothing by his complaint, and that the defendant recover her costs, etc.; on January 29, 1923, the appellant (plaintiff) filed his motion for a new trial, which was thereafter, on April 11, 1923, overruled with an exception to the appellant; on April 27, 1923, the appellant prayed an appeal to this court and time was given within which to file bond, etc.; on May 7, 1923, the appellant, by counsel, withdrew his prayer for an appeal, and the record then recites, "and the court now finds that the defendant is entitled to recover of and from the said plaintiff her costs and charges laid out and expended taxed at $ . . . . .    It is therefore ordered, and adjudged, and decreed by the court that said defendant recover of and from the plaintiff her costs and charges laid out and expended, this day taxed at $ . . . . ";  after the court had taken this action, the appellant at once again prayed an appeal to this court which was

granted, bond fixed, etc.; the transcript was filed in the office of the clerk of this court on October 22, 1923. It will be noted that the judgment rendered herein on January 23, 1923, was a final judgment. It disposed of all issues between the parties thereto, and said judgment has never been modified or set aside, but at all times since the rendition thereof has been in full force and effect. No motion or other step was taken by appellant to in any way change, modify, or set aside said judgment, and the order of the court under date of May 7, 1923, we construe as being simply a judgment covering costs which had accrued subsequent to the rendition of the original judgment.

The motion for a new trial having been overruled on April 11, the 180 days within which the transcript might have been filed in the office of the clerk of this court, on appeal, expired October 8, 1923.

It necessarily follows that as the transcript in this case was not filed in the office of the clerk of this court within the 180 days allowed by statute, we are without jurisdiction and this appeal must be and the same is hereby dismissed.

### ON PETITION FOR REHEARING.

On petition for a rehearing on judgment dismissing this cause for want of jurisdiction, and for reinstatement of cause on the docket.

PER CURIAM.—On April 23, 1924, on objection to jurisdiction by appellee, this cause was dismissed, the transcript of the record herein having been filed in the office of the clerk of this court 194 days after the final judgment had been rendered.

The appellee in her brief had challenged the jurisdiction of this court to hear and decide said cause by reason of the failure of appellant to file said transcript

within the time limited by §672 Burns 1914, Acts 1913 p. 65:

The appellant now asks that said judgment of dismissal be set aside and said cause be reinstated and decided on its merits. As a ground for this motion, he urges that the Act of 1913 (Acts of 1913, ch. 36, p. 65) which fixed and limited the time within which an appeal might be taken to 180 days, (§672 Burns 1914) is unconstitutional and void, and that the time within which the said transcript might have been filed was *one year* after final judgment, as fixed by §408 R. S. 1881.

If the appellant, when challenged as to this matter by the appellee, had then duly presented this matter of the constitutionality of said act of 1913, it would then have been our duty to transfer the matter to the Supreme Court for its consideration; but instead of so doing, he entirely ignored the matter in his reply brief; he did not speak when he should have spoken and therefore must be considered as having waived the matter in question. Appellant's petition, therefore, must be and is hereby denied.